■ REUBEN MOJICA, Respondent, v CITY OF NEW YORK, Defendant, and NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant. [604 NYS2d 235] —In a negligence action to recover damages for personal injuries, the New York City Health and Hospitals Corporation appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Monteleone, J.), dated June 12, 1991, as, upon the stipulation of the plaintiff to accept a reduced jury verdict, is in favor of the plaintiff and against it in the principal amount of $750,000 ($375,000 for past conscious pain and suffering, and $375,000 for future conscious pain and suffering).

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, with costs, and a new trial is granted on the issue of the plaintiff's damages for past and future conscious pain and suffering only, unless the plaintiff, within 20 days after service upon him of a copy of this decision and order, with notice of entry, shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to further reduce the verdict for past and future conscious pain and suffering from $750,000 to $350,000 ($250,000 for past pain and suffering and $100,000 for future pain and suffering), and to the entry of an amended judgment accordingly; in the event the plaintiff so stipulates, the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

In this negligence action, the plaintiff, a patient in the psychiatric unit of Coney Island Hospital, suffered a fractured left humerus just above his elbow while he was being restrained in an attempt to forcibly medicate him. The fracture was improperly set, resulting in some loss of extension and flexion in that arm, and the plaintiff has been diagnosed as permanently partially disabled. Although the plaintiff experiences restriction of movement in his left arm, which has

limited his participation in some recreational activities, since 1980 he has been able to fully carry out his customary work activities and has not suffered any chronic pain. In light of these facts, we find that the amount of damages awarded the plaintiff for conscious past and future pain and suffering, as reduced by the trial court, deviates materially from what would be reasonable compensation, and is, therefore, excessive to the extent indicated *(see,* CPLR 5501 [c]). Bracken, J. P., Miller, Lawrence and Pizzuto, JJ., concur.