■ LAWANDA Y. HINES, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, et al., Defendants. (Action No. 1.) JOSE DEYNES, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, et al., Defendants. (Action No. 2.) JOSE SANTOS, Respondent-Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants-Respondents, et al., Defendant. (Action No. 3.) MALCOLM SIMPSON et al., Respondents, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY et al., Appellants, et al., Defendants. (Action No. 4.) BRIAN COLVIL et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, et al., Defendants. (Action No. 5.) [694 NYS2d 473] —In related negligence actions to recover damages for personal injuries, (1) the defendants New York City Transit Authority, Manhattan and Bronx Surface Transit Operating Authority, and Lawrence Gillott appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated May 26, 1998, as denied those branches of their motion which were for summary judgment dismissing the complaint in Actions No. 1, 2, 4, and 5, and (2) the plaintiff in Action No. 3, Jose Santos, cross-appeals from so much of the same order as, upon his default, granted that branch of the appellants' motion which was to dismiss the complaint in Action No. 3 and any cross claims interposed by him as a defendant in the other actions based on his failure to appear at a statutory hearing.

Ordered that the cross appeal by the plaintiff in Action No.3, Jose Santos, is dismissed, without costs or disbursements, as no cross appeal lies from an order entered upon the default of the aggrieved party *(see,* CPLR 5511; *High v Coletti,* 143 AD2d 810); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, those branches of the appellants' motion which were for summary judgment dismissing the complaint in Actions No. 1, 2, 4, and 5 are granted, and those complaints are dismissed; and it is further,

Ordered that the appellants are awarded one bill of costs.

The Supreme Court erred in denying summary judgment to the defendants New York City Transit Authority (hereinafter NYCTA), Manhattan and Bronx Surface Transit Operating

Authority (hereinafter MABSTOA), and bus driver Lawrence Gillott (hereinafter collectively referred to as the bus defendants). The plaintiffs in this action were allegedly injured when a bus owned and operated by NYCTA and MABSTOA and driven by Gillott was struck by a vehicle owned by the defendant Carmen Baez and driven by the defendant Jose Santos. The bus defendants established Santos' liability as a matter of law, by proving that he proceeded through an intersection governed by a stop sign without stopping or yielding to the bus being driven by Gillott, who had the right of way.

In opposition, the plaintiffs relied on the bus defendants' internal post-accident investigative report which noted that in violation of a NYCTA internal rule, Gillott failed to take his foot off the gas pedal to cover the brake as he proceeded through the intersection. Contrary to the Supreme Court's finding, no issue of fact existed for trial based on this aspect of the investigative report, as the report and the NYCTA internal rule imposed a duty of care which was higher than that imposed by law (*see, Rivera v New York City Tr. Auth.,* 77 NY2d 322, 329; *Crosland v New York City Tr. Auth.,* 68 NY2d 165, 168-169; *Ramirez v Manhattan & Bronx Surface Tr. Operating Auth.,* 258 AD2d 326; *Lesser v Manhattan & Bronx Surface Tr. Operating Auth.,* 157 AD2d 352, *affd sub nom. Fishman v Manhattan & Bronx Surface Tr. Operating Auth.,* 79 NY2d 1031).

Accordingly, insofar as the bus defendants demonstrated, as a matter of law, that the accident resulted solely from the negligence of Jose Santos, summary judgment should have been granted to them (*see, Wolfson v Milillo,* 262 AD2d 636; *Singh v Shafi,* 252 AD2d 494; *Perez v Brux Cab Corp.,* 251 AD2d 157; *Bolta v Lohan,* 242 AD2d 356).

The parties' remaining claims either lack merit, or are improperly raised for the first time on appeal. O'Brien, J. P., Ritter, Joy, Altman and Smith, JJ., concur.