■ JOSE RODRIGUEZ, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Defendant and Third-Party Plaintiff-Appellant, and RAUL ALLEN, Appellant. BRIAN RAUCHFUSS, Third-Party Defendant-Appellant, et al., Third-Party Defendant. [710 NYS2d 100] —In an action to recover damages for personal injuries, the defendant third-party plaintiff New York City Transit Authority and the defendant Raul Allen appeal, and the third-party defendant, Brian Rauchfuss, separately appeals, as limited by their briefs, from so much of a judgment of the Supreme Court, Kings County (Kramer, J.), entered June 4, 1999, as, upon a jury verdict on the issue of liability finding the New York City Transit Authority and Raul Allen 10% at fault in the happening of the accident, and the third-party defendant Brian Rauchfuss 90% at fault, and a jury verdict on the issue of damages finding that the plaintiff had sustained damages in the sum of $25,000 for past pain and suffering, $10,000 for past medical expenses, $40,000 for future medical expenses, and $125,000 for future pain and suffering, and upon granting the motion of the New York City Transit Authority to set aside the verdict to the extent of reducing the amount of damages for past medical expenses from the sum of $10,000 to the sum of $5,900, is in favor of the plaintiff and against them in the principal sum of $195,900.

Ordered that the judgment is reversed, on the law and the facts, and a new trial is granted on the issue of liability only, with costs to abide the event. The findings of fact as to damages as modified by the order of the Supreme Court, Kings County, and as, on the plaintiff's consent, modified by reducing the damages for future medical expenses from $40,000 to $7,500, are affirmed.

The plaintiff, an employee of the third-party defendant S & J Vending, was injured when the truck in which he was a passenger was struck by a bus owned by the defendant New York City Transit Authority (hereinafter the NYCTA) and operated by its employee, the defendant Raul Allen. The truck was driven by the third-party defendant Brian Rauchfuss, another employee of S & J Vending. The plaintiff was ejected from the truck and suffered, *inter alia*, head and shoulder injuries.

At trial, the Supreme Court permitted the plaintiff to

introduce the finding, made in the NYCTA arbitration proceeding, that Allen was "going much too fast" at the time of the accident. Prior to the admission of this evidence, a witness for the NYCTA testified, outside the presence of the jury, that this finding was based on Rule 85, an internal NYCTA standard, which focused on the preventability of accidents, and was based on a higher standard of care than reasonable care.

The admission into evidence of the arbitrator's finding was error because it was based on the NYCTA rule which imposed a higher duty than the duty to exercise reasonable care that the NYCTA actually owed to the plaintiff (*see, Crosland v New York City Tr. Auth.,* 68 NY2d 165, 168-169; *see also, Hines v New York City Tr. Auth.,* 264 AD2d 506; *Conrad v County of Westchester,* 259 AD2d 724). In view of the evidence that the truck pulled into a traffic lane in front of the bus, and that the bus was traveling at a speed of less than 20 miles per hour, the error was prejudicial, and a new trial on the issue of liability is therefore required.

Contrary to the contention of the third-party defendant Rauchfuss, the amount of damages awarded to the plaintiff for future pain and suffering does not deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]). We note that the plaintiff, on appeal, consented to reduce the amount of damages for future medical expenses from $40,000 to $7,500 based on the evidence adduced at the trial. The findings of fact as to damages, as modified by the Supreme Court and the plaintiff's concession, are affirmed.

The parties' remaining contentions are without merit. O'Brien, J. P., Goldstein, Luciano and Smith, JJ., concur.