■ JAMES JANSEN, Respondent-Appellant, v C. RAIMONDO & SON CONSTRUCTION CORP. et al., Defendants, and PECKER IRON WORKS OF NY, INC., Appellant-Respondent. (And a Third-Party Action.) [741 NYS2d 71] —In an action to recover damages for personal injuries, the defendant Pecker Iron Works of NY, Inc., appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), dated January 23, 2001, as, upon a jury verdict finding that the plaintiff had sustained damages of $350,000 for past pain and suffering, $730,000 for future pain and suffering, $110,000 for future occupational therapy, and $125,000 for prior lost earnings, is in favor of the plaintiff and against it in the principal sum of $1,315,000, and the plaintiff cross-appeals, as limited by his brief, from so much of the same judgment as failed to award him interest on future damages.

Ordered that the judgment is modified, on the law and the facts and as a matter of discretion, by deleting the provision thereof awarding the plaintiff damages in the sum of $730,000 for future pain and suffering and $110,000 for future occupational therapy, and granting a new trial with respect thereto, with interest on future damages, if any, at the rate of 9% per annum pursuant to CPLR 5004; as so modified, the judgment is affirmed insofar as appealed from, with costs payable to the defendant Pecker Iron Works of NY, Inc., by the plaintiff, unless within 30 days after service upon the plaintiff of a copy of this decision and order, he shall serve and file in the office of the Clerk of the Supreme Court, Suffolk County, a written stipulation consenting to reduce the verdict as to future pain and suffering from the sum of $730,000 to the sum of $400,000, and to reduce the verdict as to future occupational therapy from the sum of $110,000 to the sum of $6,750, and to the entry of an amended judgment accordingly, with interest on future damages at the rate of 9% per annum pursuant to CPLR 5004; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.

Upon falling from a ladder while working as an ironworker, the plaintiff sustained a subluxation in his right shoulder, a dislocation in his left shoulder, fractures to his left humerus

and left clavicle, and bilateral carpal tunnel syndrome. In connection with the injuries to his shoulders, he underwent two surgeries and 14 months of occupational therapy. According to the plaintiff, he continues to experience pain, has difficulty sleeping, and can no longer engage in activities which he formerly enjoyed. A doctor who examined him testified that he will need additional occupational therapy and will require surgeries in connection with the bilateral carpal tunnel syndrome.

Given the nature of the plaintiff's injuries, the award of $350,000 for past pain and suffering constituted reasonable compensation (*see Mojica v City of New York,* 199 AD2d 250). However, the jury award of $730,000 for future pain and suffering was excessive to the extent indicated herein (*see* CPLR 5501 [c]; *see generally Rodriguez v New York City Tr. Auth.,* 273 AD2d 370; *DuBois v Peters,* 249 AD2d 261).

Further, the award of $110,000 for future occupational therapy was speculative and, thus, cannot stand (*see Korn v Levick,* 231 AD2d 606, 607; *Sanvenero v Cleary,* 225 AD2d 755, 756). At trial, the doctor testified that one session of occupational therapy costs approximately $125. While he stated that the plaintiff may need additional occupational therapy, he only testified to a definite period of 2 to 4 months at three sessions each week. Therefore, the highest sustainable amount of damages for future occupational therapy is $6,750 (*see Korn v Levick, supra; Cramer v Kuhns,* 213 AD2d 131, 138-139).

The Supreme Court should have awarded the plaintiff interest on future damages at the rate of 9% per annum pursuant to CPLR 5004 (*see Rohring v City of Niagara Falls,* 84 NY2d 60, 69).

The remaining contentions of the defendant Pecker Iron Works of NY, Inc., are without merit. Ritter, J.P., Goldstein, Friedmann and Luciano, JJ., concur.