■ STEPHANIE CONTE, Respondent, v CITY OF NEW YORK, Appellant. [751 NYS2d 575] —In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief,

from so much of (1) a judgment of the Supreme Court, Kings County (Spodek, J.), dated October 25, 2001, as, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $450,000 ($150,000 for past pain and suffering and $300,000 for future pain and suffering), and (2) an order of the same court, dated March 25, 2002, as denied its motion pursuant to CPLR 4404 (a) to set aside the award of damages as excessive, and to set the interest on the judgment at a rate less than 9%.

Ordered that the judgment is modified, on the law, without costs or disbursements, and a new trial is granted on the issue of damages for future pain and suffering only, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file with the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for future pain and suffering from the sum of $300,000 to the sum of $150,000, and to the entry of an appropriate amended judgment; in the event the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment with interest at the rate of 9% per annum; and is further,

Ordered that the order dated March 25, 2002, is modified accordingly.

The plaintiff dislocated the shoulder of her dominant arm when she fell on a sidewalk. As a result of this injury, the plaintiff experienced pain and loss of movement in that shoulder. The plaintiff also experienced difficulty in performing activities around her home and hobbies which she previously enjoyed.

The award of damages deviated materially from what would be reasonable compensation to the extent indicated herein (see CPLR 5501 [c]; *Rodriguez v New York City Tr. Auth.,* 273 AD2d 370; *DuBois v Peters,* 249 AD2d 261; *cf. Jansen v Raimondo & Son Constr. Corp.,* 293 AD2d 574).

The defendant failed to overcome the presumption that the statutory rate of interest of 9% per annum (see CPLR 5004) was fair and reasonable (see *Guido v State of New York,* 288 AD2d 345; *Capolino Constr. Corp. v White Plains Hous. Auth.,* 275 AD2d 347). Ritter, J.P., Friedmann, Luciano and H. Miller, JJ., concur.