■ CARMEN BLAS et al., Respondents, v R.M.H. REALTY CORP. et al., Defendants, and CITY OF NEW YORK, Appellant. [772 NYS2d 606]—

In an action to recover damages for personal injuries, etc., the defendant City of New York appeals from a judgment of the Supreme Court, Kings County (Held, J.), dated December 13, 2002, which, upon a jury verdict on the issue of liability finding it 100% at fault in the happening of the accident, and upon the granting of its motion to set aside the damage awards as excessive only to the extent of reducing the jury verdict on the issue of damages in favor of the plaintiff Carmen Blas from the sum of $444,888.33 to $250,000 for past pain and suffering, and from the sum of $400,850 to $150,000 for future pain and suffering, is in favor of that plaintiff and against it in the principal sum of $400,000.

Ordered that the judgment is reversed, on the facts and as a matter of discretion, with costs, and a new trial is granted on the issue of damages only, unless within 30 days after service upon the plaintiffs of a copy of this decision and order, the plaintiff Carmen Blas shall serve and file with the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to further reduce the verdict as to damages for past pain and suffering from the sum of $250,000 to the sum of $125,000, and to further reduce the verdict as to damages for future pain and suffering from the sum of $150,000 to the sum of $75,000, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff Carmen Blas so stipulates, then the judgment, as so further reduced and amended, is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the Supreme Court properly determined that whether the markings on the pothole map entered into evidence gave the appellant the required prior written notice of the sidewalk defect where the injured plaintiff fell was an issue for the jury. "Where there are factual disputes regarding the precise location of the defect that allegedly caused a plaintiff's fall, and whether the alleged defect is designated on the map, the question should be resolved by a jury" (*Quinn v City of New York*, 305 AD2d 570, 571 [2003]; *see Patane v City of New York*, 284 AD2d 513 [2001]; *David v City of New York*, 267 AD2d 419 [1999]).

The damage awards for past and future pain and suffering, as reduced by the Supreme Court, deviate materially from what would be reasonable compensation to the extent indicated herein (*see* CPLR 5501 [c]); *Conte v City of New York*, 300 AD2d 430 [2002]; *Stylianou v Calabrese*, 297 AD2d 798 [2002]; *Jansen v Raimondo & Son Constr. Corp.*, 293 AD2d 574 [2002]; *Mojica v City of New York*, 199 AD2d 250 [1993]).

The appellant's remaining contention is unpreserved for appellate review and, in any event, without merit. Santucci, J.P., Florio, Schmidt and Mastro, JJ., concur.