OPINION OF THE COURT
Memorandum.
Judgment modified by dismissing plaintiffs causes of action for violation of Labor Law § 241 (6), Labor Law § 200 and common-law negligence; by providing that the City of New York’s cross claim against defendant NAB Construction Co. and its third-party claim against third-party defendant AC&S Insulation Corp. for indemnification is remitted for trial for the purpose of reapportioning liability between NAB Construction Co. and AC&S Insulation Corp.; and by deleting the provisions of the judgment awarding plaintiff damages for past and future *51 pain and suffering and for future medical expenses and ordering a new trial with respect thereto; as so modified, judgment affirmed without costs unless, within 30 days after service upon him of a copy of the order entered hereon with notice of entry, plaintiff shall serve and file in the office of the Clerk of the Civil Court, Kings County, a written stipulation signed by him consenting to reduce the award for past pain and suffering to the principal sum of $100,000; the award for future pain and suffering to the principal sum of $175,000; and the award for future medical expenses to the principal sum of $125,000; and to the entry of a judgment amended accordingly; in the event that plaintiff so stipulates, then the judgment in his favor, as so reduced and amended, is modified only by dismissing plaintiffs cause of action for violation of Labor Law § 241 (6), Labor Law § 200, and common-law negligence, and by providing that the City of New York’s cross claim against defendant NAB Construction Co. and its third-party claim against AC&S Insulation Corp. for indemnification are remitted for trial for the purpose of reapportioning liability between NAB Construction Co. and AC&S Insulation Corp., and, as so modified, affirmed without costs.
Appeal from order dismissed as academic.
Plaintiff sustained herniated discs in his neck in the course of a renovation of the Owl’s Head sewage treatment facility, owned by the City of New York, when, in the course of his employment, he fell through a gap between the grated floor that he was standing on and a pipe to which he was applying insulating material. Plaintiff asserted causes of action against the City of New York, the Environmental Protection Department of the City of New York (hereinafter referred to collectively as the City) and NAB Construction Co., a prime contractor on the job site. The City impleaded plaintiffs employer, AC&S Insulation Corp., and sought indemnification from it and from NAB. All portions of the action were settled during trial except for the main action between plaintiff and the City, and the City’s claims for indemnification against NAB and AC&S. The jury returned a liability verdict in plaintiffs favor, apportioning 60% of the culpable conduct in the happening of the accident to the City and the remainder to NAB and AC&S, and a damages verdict finding that plaintiff had been damaged in the total sum of $1,529,000, comprised of $229,000 for past pain and suffering, $800,000 for future pain and suffering, and $500,000 for future medical expenses. Accordingly, a judgment was entered against defendants City of New York and Environmental Protection *52 Department of the City of New York in the reduced sums of $137,400 for past pain and suffering, $480,000 for future pain and suffering, and $300,000 for future medical expenses. The City moved to resettle the judgment to include the implicit dismissal of its claims for indemnification against NAB and AC&S, which resettlement motion was denied.
Labor Law § 240 (1) provides, in pertinent part, that:
“All contractors and owners and their agents, . . . in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.”
This statute imposes liability on owners for failure to provide necessary safety devices irrespective of the fault of the owners (Brown v Two Exch. Plaza Partners, 76 NY2d 172 [1990]). Liability pursuant to this provision is contingent upon the existence of a hazard contemplated therein and the absence of, or inadequacy of, a safety device of the kind specified in the statute (see Narducci v Manhasset Bay Assoc., 96 NY2d 259, 266 [2001]). Labor Law § 240 (1) affords protection against a narrow class of dangers related to the effect of gravity due either to the elevation level of the work or to a higher elevation of materials being hoisted or secured (see Rocovich v Consolidated Edison Co., 78 NY2d 509, 514 [1991]).
At the time of the accident, plaintiff was standing upon an oily portion of grated flooring immediately adjacent to an opening that had been created for the purpose of accomplishing the work by removing a section of grating. Plaintiff stated that although he was not exactly sure of the sequence of events, “it just felt like the floor went out from under me. It started to feel like I started to slide, and it was just a split second.” There was also evidence that with the grating removed, the opening was at least two feet wide, large enough for a man to fall completely through to the basement level. Thus, the use of a protective device as called for in the statute would be mandated to address this risk (see e.g. Brandl v Ram Bldrs., Inc., 7 AD3d 655 [2004]; Richardson v Matarese, 206 AD2d 353 [1994]). Furthermore, a collapse of the floor, which may have also occurred in the present case, is a prima facie violation of Labor Law § 240 (1), and, *53 on facts resembling those of the present matter, the Appellate Division, Second Department, stated that “[t]he collapse of a floor which causes a worker to fall even partially through presents an elevation-related risk notwithstanding the purely fortuitous circumstance that the plaintiff in this case was spared greater injuries from a higher fall or contact with the ground below” (Robertti v Powers Chang, 227 AD2d 542, 543 [1996]). Accordingly, the jury in the present case properly found that the City, as owner, violated Labor Law § 240 (1), whether plaintiff merely slipped and fell through the opening or whether the grating he was standing on became dislodged, and that this violation substantially contributed to the happening of the accident.
Plaintiffs Labor Law § 241 (6) claim should have been dismissed. In order to establish such a claim, plaintiff was required to plead and prove a “specific, positive demand” embodied in the Industrial Code (Ross v Curtis-Palmer HydroElec. Co., 81 NY2d 494, 503 [1993]), and plaintiff failed to plead an appropriate Industrial Code provision in support of his Labor Law § 241 (6) cause of action (see Smith v Hercules Constr. Corp., 274 AD2d 467, 469 [2000]). At trial, plaintiff relied upon Industrial Code (12 NYCRR) § 23-1.7 (b) and (d), which address falling and slipping hazards and hazardous openings. While these provisions are sufficiently specific to support a Labor Law § 241 (6) cause of action, plaintiff failed to plead them or give notice of his reliance upon them in a bill of particulars prior to trial. Plaintiffs supplementary bill of particulars, which he argues constituted sufficient notice, states only: “Defendants have violated the Rules and Regulations made by the Commissioner of the Department of Labor which include those provisions that are applicable under 12 NYCRR Sections 23-5.1 et seq., as well as 12 NYCRR Sections 23.1.1 et seq.” There are 34 numbered sections in 12 NYCRR subpart 23-1, most of which in turn have numerous subdivisions. Even after eliminating those sections that are obviously not applicable to the matter at hand, defendants faced an impermissibly prejudicial burden in attempting to prepare a defense to the possibly applicable provisions based on such scanty information (see Reilly v Newireen Assoc., 303 AD2d 214 [2003]).
 Plaintiffs claims for violation of Labor Law § 200 and for common-law negligence, which Labor Law § 200 codifies (see Allen v Cloutier Constr. Corp., 44 NY2d 290, 299 [1978]), should have been dismissed. The oily condition of the floors was neces *54 sarily incidental to the functioning of the facility as an operational power plant, and a mere general awareness by the City of this condition is not sufficient to support a negligence claim absent actual or constructive notice of the particular condition encountered (see Mercer v City of New York, 223 AD2d 688 [1996], affd 88 NY2d 955 [1996] [no actual or constructive notice of oily condition]). As a result, the City’s contention that it is entitled to common-law indemnification from NAB and AC&S is correct, and this claim is remitted for trial.
The City’s argument, that it was reversible error to fail to include an interrogatory on the verdict sheet for the jury to determine plaintiffs culpable conduct, is without merit because there was no evidence adduced at trial, either from witnesses’ direct testimony or on cross-examination, from which a rational jury could find that plaintiff bore any fault in the happening of the accident.
The missing witness charge as to city employee John Addio was improper, as it was not sufficiently shown that Addio would have been expected to give noncumulative testimony favorable to the City on a material issue, i.e., which entity was responsible for maintaining the engines at the time of the accident. However, as the negligence causes of action, upon which Addio’s testimony would have been given, are dismissed, this error is harmless (see Savage v Shea Funeral Home, 212 AD2d 875 [1995]; Burstein v Richmond Mem. Hosp. & Health Ctr., 167 AD2d 151 [1990]).
Although plaintiff’s treating physician testified to the contents of a 1995 report of an MRI, the films of which she had not reviewed, there is no evidence that she relied upon that report in reaching the medical conclusions to which she testified, and any error in admitting the testimony was harmless (see generally Hambsch v New York City Tr. Auth., 63 NY2d 723 [1984]; see also Ferrantello v St. Charles Hosp. & Rehabilitation Ctr., 275 AD2d 387 [2000]). In fact, the physician disagreed with certain of the diagnostic statements in the report; her testimony upon plaintiffs condition was based upon her personal examinations and treatment of him, and the vast majority of the testimony concerning the 1995 MRI report was given on redirect examination after defendants raised the issue of the report on cross-examination.
Given the nature and severity of plaintiffs injuries, the jury’s verdict as to the damages plaintiff sustained for past pain and suffering, to the extent that it exceeded $100,000, and for *55 future pain and suffering, to the extent that it exceeded $175,000, deviates materially from what would be reasonable compensation (CPLR 5501 [c]; see Van Nostrand v Froehlich, 18 AD3d 539 [2005]; Cromas v Kosher Plaza Supermarket, 300 AD2d 273 [2002]; Martino v Triangle Rubber Co., 249 AD2d 454 [1998]), as does its verdict with respect to plaintiffs future medical expenses, to the extent that it exceeded $125,000, given the speculative nature of the testimony with respect to plaintiffs need for some of the therapeutic treatments outlined (see Stylianou v Calabrese, 297 AD2d 798 [2002]; Jansen v Raimondo & Son Constr. Corp., 293 AD2d 574 [2002]). Accordingly, a new trial is ordered with respect to plaintiffs damages unless plaintiff stipulates to reduce the judgment to the aforementioned sums. As the negligence-based causes of action against the City have been dismissed, the original jury apportionment of fault against the City cannot stand, and it is necessary to remand this matter for trial for the purposes of reapportioning liability as between the defendants other than the City (see Salamone v Wincaf Props., 9 AD3d 127, 130 [2004]) so that the City may recover common-law indemnification accordingly (see Frank v Meadowlakes Dev. Corp., 6 NY3d 687, 691-693 [2006]; Rangolan v County of Nassau, 96 NY2d 42 [2001]).
It should be noted that the City failed to offer any evidence or argument to overcome the presumption that imposition of the statutory interest rate of nine percent per annum (see CPLR 5004) upon the award was fair and reasonable (see Conte v City of New York, 300 AD2d 430 [2002]).
In light of the foregoing disposition, the City’s objections to the verdict sheet are rendered academic. In addition, as the judgment is being modified to provide that the City’s claims for common-law indemnification from NAB and AC&S are granted, the City’s appeal from the order denying its motion to resettle the judgment to reflect the implicit dismissal of its claims for indemnification is dismissed as academic.