11-2868-cv
*Falzon v. JPMorgan Chase & Co.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1.  When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8ᵗʰ day of November, two thousand twelve.

PRESENT:

> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> SUSAN L. CARNEY,
>
> *Circuit Judges.*

---

JANET FALZON,

*Plaintiff-Appellee,*

v.                                                             No. 11-2868-cv

JPMORGAN CHASE & CO. d/b/a CHASE BANK,

*Defendant-Appellant.*

---

| | |
|---|---|
| **FOR DEFENDANT APPELLANT:** | KEVIN G. HORBATIUK, Russo, Keane & Toner, LLP, New York, NY. |
| **FOR PLAINTIFF APPELLEE:** | ANITA NISSAN YEHUDA, Anita Nissan Yehuda, P.C., Roslyn Heights, NY; (Kenneth Bornstein, Anthony James Emanuel, *on the* |

1

*brief*), Bornstein & Emanuel, P.C., Garden City, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Leonard D. Wexler, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

In the midst of bad weather on December 20, 2008, plaintiff-appellee Janet Falzon slipped and fell at the Chase Bank located on Hempstead Turnpike in Levittown, New York. When she hit the ground, Falzon injured her left elbow—an injury that continues to cause pain and that has prevented Falzon from enjoying her favorite pastime of cast fishing, among other activities. A federal jury awarded Falzon with $80,000 for past damages and $160,000 for future damages. On appeal, defendant-appellant Chase Bank argues that the damages award should be set aside because it was excessive and materially deviated from other awards in comparable New York cases. We assume the parties' familiarity with the facts and procedural history of this case.

## DISCUSSION

"In an action brought to recover damages for personal injury under New York law, a monetary judgment is excessive 'if it deviates materially from what would be reasonable compensation.'" *Rangolan v. County of Nassau*, 370 F.3d 239, 244 (2d Cir. 2004) (quoting N.Y. C.P.L.R. 5501(c) (McKinney 1995)). "A district court applying this standard 'reviews the evidence presented at trial in support of the challenged damage award and compares the award to other New York cases in which evidence of similar injuries was presented.'" *Id.* (quoting *Presley v. U.S. Postal Service*, 317 F.3d 167, 173 (2d Cir. 2003)).

We review a district court's application of the "deviates materially" standard for an abuse of discretion. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 438 (1996). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal citations, quotation marks, and brackets omitted). Because we must defer to the jury's findings of fact, we construe the trial record in the light most favorable to Falzon. *See Lore v. City of Syracuse*, 670 F.3d 127, 150 (2d Cir. 2012).

We conclude that the District Court did not abuse its discretion. The record is replete with evidence showing that Falzon's elbow injury caused sustained pain and inhibited her ability to perform various tasks. For instance, Falzon testified about the extent of her injury, explaining that

she experienced continuous pain and could not straighten her arm. Falzon also stated that because of her injury she could not lift items with both hands without experiencing additional pain, nor was she able to go cast fishing, which had been the "joy of her life." Although the defense tried to impeach Falzon's credibility, we do not second-guess the jury's apparent determination that Falzon's testimony was credible.

Falzon also presented testimony from Dr. Eric Keefer, who explained that Falzon came to him nearly two years after the injury and "complained of elbow pain" and "loss of motion." After reviewing Falzon's medical records, including an MRI scan, Dr. Keefer testified that "there's still consistent irritation [within Falzon's] elbow" based on damage to the cartilage within the joint, thus creating "rough edges" that "catch . . . just like a hangnail may catch on you[.]" This pain, Dr. Keefer explained, had led Falzon to experience "sharp pain" when she attempted to perform certain activities that required a full extension of her elbow.

The cases cited by the appellant do not show that the District Court abused its discretion in finding that Falzon's damages award was roughly comparable to other damages awards in analogous New York cases. In *Giladov v. Kurzweil*, 220 A.D.2d 481 (2d Dep't 1995), for instance, the court sustained a damages award of $60,000 for past pain and suffering caused by a broken elbow. (The plaintiff in *Giladov* did not recover anything for future pain and suffering because he had no continuing symptoms.) When adjusted for inflation, *see DiSorbo v. Hoy*, 343 F.3d 172, 185 (2d Cir. 2003), that award would be nearly identical to Falzon's award for past pain and suffering,[1] and obvious factual differences—namely, Falzon's continued pain and suffering caused by permanent damage to cartilage within the joint—justify the award of future damages in this case. Similarly, in *Coker v. Bakkal Foods, Inc.*, 52 A.D.3d 765 (2d Dep't 2008), the plaintiff sustained a shoulder injury that caused pain and a limited range of motion. The court sustained the jury's award of $125,000 for past pain and suffering and $75,000 for future pain and suffering—an award that again is in the general range of Falzon's award. *Id.* at 765. And in *Mojica v. City of New York*, 199 A.D.2d 250 (2d Dep't 1993), the court reduced a damages award stemming from a broken humerus "from $750,000 to $350,000 ($250,000 for past pain and suffering and $100,000 for future pain and suffering)." *Id.* at 250. The inflation-adjusted value of $100,000 in *Mojica* is roughly equal to Falzon's award for future damages.[2]

---

[1] One estimate of the value of $60,000 in April 1994 (the date of judgment in *Giladov*) in terms of prices in June 2011 (the date of the judgment in the present case) is roughly $92,000. *See* United States Bureau of Labor Statistics, Consumer Price Index, *available at* ftp://ftp.bls.gov/pub/special.requests/cpi/cpiai.txt (visited Nov. 6, 2012).

[2] One estimate of the value of $100,000 in June 1991 (the date of judgment in *Mojica*) in terms of prices in June 2011 is roughly $166,000. *See* United States Bureau of Labor Statistics, Consumer Price Index, *available at* ftp://ftp.bls.gov/pub/special.requests/cpi/cpiai.txt (visited Nov. 6, 2012).

Given these roughly comparable New York damages awards and the fact-intensive nature of any comparison between awards, the District Court did not abuse its discretion in determining that Falzon's damages award was permissible under New York law.

**CONCLUSION**

We have considered all of Chase Bank's arguments on appeal and find them to be without merit. Accordingly, for the reasons stated above, we **AFFIRM** the judgment of the District Court.

In addition, "we cannot help but register our concern with appellant['s] frivolous conduct in pursuing this appeal." *Smith v. Silverman*, 645 F.3d 186, 190 (2d Cir. 2011). The standard to be applied in this case was straightforward: *Any* comparable damages award—construing the facts in Falzon's favor—was sufficient under New York law to sustain the award. Here, the *appellant's* brief cited New York cases where nearly identical damages (if not higher) were awarded in comparable circumstances. Accordingly, the appellant lacked even "the slightest chance of success" on appeal. *Gallop v. Cheny*, 642 F.3d 364, 370 (2d Cir. 2011).

Falzon has not moved for sanctions, but we may "impose sanctions *nostra sponte*" after giving the appellant "adequate notice and opportunity to be heard." *Id.* Accordingly, we direct the appellant's counsel to show cause why we should not award double costs to the appellee for appellant's pursuit of this frivolous appeal.[3] The appellant's counsel shall file a response with the Clerk of Court within thirty calendar days from the date of this order. Upon such filing, the appellee's counsel may, at her discretion, file a response within five business days.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] Rule 38 of the Federal Rules of Civil Procedure provides: "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38; *see also Gallop*, 642 F.3d at 370 (discussing the sources of authority upon which an appellate court may award sanctions).

4