■ PATRICIA WOLFSON, Appellant, v DOMINICK MILILLO et al., Respondents. [692 NYS2d 679] —In an action, *inter alia,* to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Rappaport, J.), dated December 9, 1998, which denied her motion for partial summary judgment on the issue of liability.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the plaintiff's motion which was for partial summary judgment on the issue of liability as against the defendant Dominick Milillo, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed; and it is further,

Ordered that, upon searching the record, summary judgment

is granted to the defendants Anthony Mazza and John Ciuca dismissing the complaint and all cross claims insofar as asserted against them; and it is further,

Ordered that the appellant is awarded one bill of costs, payable by the defendant Dominick Milillo.

We agree with the plaintiff's contention that the Supreme Court erred insofar as it denied that branch of her motion which was for partial summary judgment on the issue of liability as against the defendant Dominick Milillo. The plaintiff was allegedly injured when the automobile owned by the defendant John Ciuca, and operated by the defendant Anthony Mazza, in which she was a passenger, was struck by the automobile owned and operated by Milillo. The plaintiff established a prima facie case that Milillo's vehicle proceeded into the intersection governed by a stop sign without yielding to the Mazza/Ciuca vehicle, which had the right of way. In opposition to the motion, Milillo failed to demonstrate the existence of any triable issues of fact. Accordingly, insofar as the plaintiff demonstrated, as a matter of law, that the accident resulted solely from the negligence of the defendant Milillo, the plaintiff's motion should have been granted awarding her summary judgment on the issue of liability as against that defendant (*see, Singh v Shafi,* 252 AD2d 494; *Perez v Brux Cab Corp.,* 251 AD2d 157; *Bolta v Lohan,* 242 AD2d 356).

Furthermore, the same evidence demonstrated the freedom from liability of Mazza and Ciuca. There was no proof that Mazza was comparatively negligent or could have done anything to avoid the collision. Accordingly, upon the exercise of our power to search the record (*see,* CPLR 3212 [b]; *Dunham v Hilco Constr. Co.,* 89 NY2d 425; *Williams v Liberty Tr. Lines,* 248 AD2d 379), Mazza and Ciuca as well are entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against them. S. Miller, J. P., Sullivan, Friedmann, Luciano and Feuerstein, JJ., concur.