■ MARK CASANOVA, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [719 NYS2d 125] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated February 22, 2000, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The Supreme Court erred in denying the defendant's motion for summary judgment. The plaintiff was allegedly injured when a bus owned by the defendant was struck by a vehicle owned and operated by Neilworth Miller. The defendant established that Miller's negligence was the sole proximate cause of this accident as his vehicle proceeded through the intersection against a red light, without stopping (*see,* Vehicle and Traffic Law § 1111 [d] [1]; *Puccio v Caputo,* 272 AD2d 387; *Hines v New York City Tr. Auth.,* 264 AD2d 506; *Wolfson v Milillo,* 262 AD2d 636). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the driver of the bus was at fault in the happening of this accident or whether he could have done anything to avoid the impact (*see, Packer v Mirasola,* 256 AD2d 394).

Accordingly, since the defendant established that it was not negligent as a matter of law, its motion for summary judgment should have been granted and the complaint dismissed. Bracken, Acting P. J., Santucci, Altman and Florio, JJ., concur.