■ DOMINICK LESTINGI, Appellant, v EUGENE N. HOLLAND, Respondent. (Action No. 1.) NATIONWIDE MUTUAL INSURANCE COMPANY et al., Plaintiffs, v ELRAC, Doing Business as ENTERPRISE RENT-A-CAR, et al., Defendants. (Action No. 2.) KEVSER ERMENDI, Respondent, v EUGENE N. HOLLAND, Respondent, and ELRAC, INC., et al., Appellants. (Action No. 3.) KEVSER ERMENDI, Plaintiff, v SUBARU LEASING CORP., Defendant. (Action No. 4.) [747 NYS2d 522]

The instant actions arise out of a two-vehicle collision which occurred at the intersection of Rodney Street and Borinquen Street in Brooklyn. While traveling north on Rodney Street, the decedent Michael Lestingi drove his vehicle through a red traffic light and collided with a vehicle operated by Eugene N. Holland, who was driving west on Borinquen Street. Holland had a green traffic light in his favor when he entered the intersection. Michael Lestingi died as a result of injuries he allegedly sustained in the collision. The passenger in his vehicle, Kevser Ermendi, the plaintiff in Action No. 3, allegedly sustained personal injuries in the collision. Michael Lestingi's estate brought Action No. 1 against Holland, and Ermendi brought Action No. 3 against ELRAC, Inc., Enterprise Rent-A-Car, Lestingi's estate, and Holland. The Supreme Court, inter alia, in effect, upon searching the record, granted Holland summary judgment dismissing the complaint in Action No. 1, and granted that branch of Holland's cross motion which was to dismiss the cross claims in Action No. 3 insofar as asserted against him.

The Supreme Court correctly granted Holland summary judgment dismissing the complaint in Action No. 1, and correctly granted that branch of his cross motion which was to dismiss the cross claims asserted against him in Action No. 3. Holland established that Michael Lestingi's negligence was the sole proximate cause of the collision, as his vehicle proceeded through the intersection against a red traffic light, without stopping (see *Casanova v New York City Tr. Auth.,* 279 AD2d 495; *Puccio v Caputo,* 272 AD2d 387; *Hines v New York City Tr. Auth.,* 264 AD2d 506, 507; *Wolfson v Milillo,* 262 AD2d 636, 637). Neither the plaintiff in Action No. 1 nor the

defendants in Action No. 3 raised a triable issue of fact as to whether Holland was at fault in the happening of the accident or whether he could have done anything to avoid the collision (*see Casanova v New York City Tr. Auth., supra*; *Puccio v Caputo, supra*; *Packer v Mirasola*, 256 AD2d 394).

The appellants' remaining contentions are without merit. Prudenti, P.J., Smith, Friedmann and Adams, JJ., concur.