■ KENNETH SHAPIRO, Also Known as KENNY SHAPIRO, Appellant, v RAUL VIVAS MUNOZ, Respondent, et al., Defendants. [813 NYS2d 755]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Dollard, J.), dated May 10, 2005, which granted the motion of the defendant Raul Vivas Munoz for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

The defendant Raul Vivas Munoz demonstrated his prima facie entitlement to judgment as a matter of law by establishing that the plaintiff, while riding a bicycle, violated Vehicle and Traffic Law § 1111 (d) (1) by making a left turn against a red traffic light into the path of a vehicle operated by Munoz, which was legally proceeding through a green traffic light (*see Moreback v Mesquita,* 17 AD3d 420 [2005]; *Lestingi v Holland,* 297 AD2d 627 [2002]; *Cenovski v Lee,* 266 AD2d 424 [1999]). In response, the plaintiff failed to raise a triable issue of fact as to whether Munoz was in any way at fault in the happening of the accident or whether he could have done anything to avoid the collision (*see Lestingi v Holland, supra; Casanova v New York City Tr. Auth.,* 279 AD2d 495 [2001]; *Puccio v Caputo,* 272 AD2d 387 [2000]; *Schneider v American Diabetes Assn.,* 253 AD2d 807 [1998]). Although the plaintiff submitted an affidavit in opposi-

tion to Munoz's motion, the Supreme Court correctly determined that the affidavit, which was inconsistent with the plaintiff's deposition testimony, was designed to raise feigned factual issues in an effort to avoid the consequences of his earlier admissions (*see Israel v Fairharbor Owners, Inc.,* 20 AD3d 392 [2005]; *Stancil v Supermarkets Gen.,* 16 AD3d 402 [2005]; *Semple v Sterling Estates,* 300 AD2d 297 [2002]; *Appell v State Farm Ins. Co.,* 292 AD2d 407 [2002]).

The plaintiff's remaining contentions are without merit. Prudenti, P.J., Florio, Fisher and Lunn, JJ., concur.