■ WILLIE RAMOS, Respondent, v TRIBORO COACH CORP. et al., Appellants, et al., Defendant. [819 NYS2d 82]—

In an action to recover damages for personal injuries, the defendants Triboro Coach Corp. and Michael Sirchia appeal from an order of the Supreme Court, Kings County (Douglass, J.), dated February 16, 2005, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

While the appellants made their motion for summary judgment more than 60 days after the plaintiff filed a note of issue, in violation of rule 13 of the Uniform Civil Term Rules of the Supreme Court, Kings County, they established good cause for the delay. Thus, the Supreme Court providently exercised its discretion in entertaining the appellants' motion (*see Brill v City of New York*, 2 NY3d 648 [2004]; *Herrera v Felice Realty Corp.*, 22 AD3d 723 [2005]).

The plaintiff allegedly was injured when a bus owned by the defendant-appellant Triboro Coach Corp. and operated by the defendant-appellant Michael Sirchia was struck by a motor vehicle owned and operated by the defendant Kenneth Yong. The appellants established that Yong's negligence was the sole proximate cause of the accident, as his vehicle proceeded through the intersection against a red light, without stopping (*see* Vehicle and Traffic Law § 1111 [d] [1]; *Casanova v New York City Tr. Auth.*, 279 AD2d 495 [2001]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether Sirchia was at fault in the happening of this accident or whether he could have done anything to avoid the impact (*see Packer v Mirasola*, 256 AD2d 394 [1998]). Accordingly, the appellants' motion for summary judgment should have been granted and the complaint dismissed insofar as asserted against them. Prudenti, P.J., Adams, Rivera and Lifson, JJ., concur.