■ DAMIAN PITT, Appellant, v CYNTHIA ALPERT, Respondent.
[857 NYS2d 661]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau

County (Adams, J.), entered December 20, 2007, which denied his motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.

The plaintiff established that the defendant's negligence was the sole proximate cause of the subject accident. The defendant's vehicle failed to stop at a red traffic light and proceeded into the intersection directly into the plaintiff's lane (*see Ramos v Triboro Coach Corp.,* 31 AD3d 625 [2006]; *Iqbal v Petrov,* 9 AD3d 416 [2004]; *Lestingi v Holland,* 297 AD2d 627, 628 [2002]; *Casanova v New York City Tr. Auth.,* 279 AD2d 495 [2001]; *Packer v Mirasola,* 256 AD2d 394 [1998]; *Diasparra v Smith,* 253 AD2d 840 [1998]; *see also Borges v Zukowski,* 22 AD3d 439 [2005]). In opposition, the defendant failed to raise a triable issue of fact as to whether the plaintiff was at fault in the happening of the accident, or could have done anything to avoid it (*see Ramos v Triboro Coach Corp.,* 31 AD3d 625 [2006]; *Iqbal v Petrov,* 9 AD3d 416 [2004]; *Lestingi v Holland,* 297 AD2d at 628; *Casanova v New York City Tr. Auth.,* 279 AD2d 495 [2001]; *Packer v Mirasola,* 256 AD2d 394 [1998]; *see also Borges v Zukowski,* 22 AD3d 439 [2005]). The defendants' conclusory and speculative assertions concerning the plaintiff's speed and possible negligence were not supported by competent evidence (*see Maloney v Niewender,* 27 AD3d 426, 426-427 [2006]). Spolzino, J.P., Balkin, Dickerson and Belen, JJ., concur.