■ BARBARA CAVITCH, Appellant, v PEDRO A. MATEO et al., Respondents. [871 NYS2d 372]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Liebowitz, J.), entered November 8, 2007, which denied her motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.

The plaintiff pedestrian was crossing Ashford Avenue in the Village of Ardsley, when she was struck by a motor vehicle operated by the defendant Sterling A. Mateo (hereinafter the driver) and owned by the defendant Pedro A. Mateo. The plaintiff

established her prima facie entitlement to judgment as a matter of law on the issue of liability by submitting evidence showing that the driver violated Vehicle and Traffic Law § 1151 (a) by failing to yield the right of way to her as she proceeded across the roadway of Ashford Avenue in a crosswalk. The evidence submitted by the defendants in opposition failed to raise a triable issue of fact (*see* CPLR 3212 [b]). Notably, the driver, in opposition to the motion, did not submit his own affidavit setting forth his version of how the accident occurred. Moreover, contrary to the defendants' contention, the motion was not premature. The defendants failed to offer an evidentiary basis to show that discovery may lead to relevant evidence and that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the plaintiff (*see Gasis v City of New York,* 35 AD3d 533 [2006]). The "mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (*id.* at 534-535). Skelos, J.P., Dillon, McCarthy and Eng, JJ., concur.