■ RONALD MONTELEONE et al., Respondents, v JUNG PYO HONG, Appellant. [913 NYS2d 755]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), dated March 5, 2010, which granted the plaintiffs' motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

In support of their motion for summary judgment on the issue of liability, the plaintiffs submitted the affidavit of the

plaintiff Ronald Monteleone, Monteleone's sworn statement to the police on the date of the accident, the sworn statement of an independent eyewitness to the police, and the police accident report (*see Cohen v Stanley*, 262 AD2d 264 [1999]). The plaintiffs' evidence was sufficient to establish a prima facie case of liability with respect to the defendant in that the defendant's vehicle failed to stop at the red signal and proceeded through the intersection, striking the vehicle operated by Monteleone (*see* Vehicle and Traffic Law § 1111 [d] [1]; *Pitt v Alpert*, 51 AD3d 650, 651 [2008]; *Ramos v Triboro Coach Corp.*, 31 AD3d 625 [2006]; *Iqbal v Petrov*, 9 AD3d 416 [2004]; *Casanova v New York City Tr. Auth.*, 279 AD2d 495 [2001]). In opposition, the defendant failed to submit any evidence in admissible form sufficient to raise a triable issue of fact with respect to the issue of liability (*see Pitt v Alpert*, 51 AD3d at 651; *Ramos v Triboro Coach Corp.*, 31 AD3d 625 [2006]; *Iqbal v Petrov*, 9 AD3d 416 [2004]). The defendant failed to proffer any excuse for his failure to submit his affidavit, translated from Korean to English by his wife, in admissible form (*see* CPLR 2101 [b]; *Chemical Bank v PIC Motors Corp.*, 58 NY2d 1023, 1026 [1983]; *Martinez v 123-16 Liberty Ave. Realty Corp.*, 47 AD3d 901, 902 [2008]; *Allstate Ins. Co. v Keil*, 268 AD2d 545 [2000]; *Schiffren v Kramer*, 225 AD2d 757 [1996]) and, under the circumstances of this case, the Supreme Court correctly declined to consider the translated affidavit.

Furthermore, in view of the fact that the defendant had personal knowledge of the relevant facts underlying the accident, his purported need to conduct discovery did not warrant denial of the motion (*see Emil Norsic & Son, Inc. v L.P. Transp., Inc.*, 30 AD3d 368, 369 [2006]; *Rainford v Sung S. Han*, 18 AD3d 638 [2005]; *Niyazov v Bradford*, 13 AD3d 501 [2004]). Skelos, J.P., Angiolillo, Hall and Roman, JJ., concur.