■ MARIA DELEG et al., Appellants, v MARK C. VINCI et al., Respondents. [919 NYS2d 396]—

The plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability. The evidence submitted by the plaintiffs demonstrated that the vehicle driven by the defendant Mark C. Vinci and owned by the defendant James P. Vinci struck a vehicle in which the plaintiff Maria Deleg was a passenger. The accident occurred when Mark C. Vinci failed to stop at a red signal and proceeded through an intersection in violation of Vehicle and Traffic Law § 1111 (d) (2), striking the plaintiffs' vehicle (see Monteleone v Jung Pyo Hong, 79 AD3d 988 [2010]; Ramos v Triboro Coach Corp., 31 AD3d 625 [2006]; Borges v Zukowski, 22 AD3d 439 [2005]; Casanova v New York City Tr. Auth., 279 AD2d 495 [2001]). In opposition to the motion, the defendants failed to raise a triable issue of fact (see Cavitch v Mateo, 58 AD3d 592 [2009]).

Furthermore, contrary to the defendants' contention, the plaintiffs' motion was not premature, as the defendants failed to demonstrate that discovery might lead to relevant evidence or that facts essential to justify opposition to the motion were exclusively within the knowledge and control of the plaintiffs and the nonparty driver (see Kimyagarov v Nixon Taxi Corp., 45 AD3d 736 [2007]). "[T]he defendants' purported need to conduct discovery did not warrant denial of the motion since they already had personal knowledge of the relevant facts" (Abramov v Miral Corp., 24 AD3d 397, 398 [2005]). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (Lopez v WS Distrib., Inc., 34 AD3d 759, 760 [2006]; see Corwin v Heart Share Human Servs. of N.Y., 66 AD3d 814 [2009]; Monteleone v Jung Pyo Hong, 79 AD3d 988 [2010]).

Consequently, the Supreme Court should have granted the plaintiffs' motion for summary judgment on the issue of liability. Covello, J.P., Belen, Hall and Cohen, JJ., concur.