■ NILDA KALAFATIS, Appellant, v ROYAL WASTE SERVICES, INC., et al., Respondents, et al., Defendants. [944 NYS2d 227]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated April 27, 2011, as, upon reargument, adhered to so much of an order dated August 4, 2010, as granted that branch of the cross motion of the defendants Royal Waste Services, Inc., and Francisco A. Meza which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order dated April 27, 2011, is affirmed insofar as appealed from, with costs.

On November 3, 2006, at about 1:30 A.M., a vehicle owned by the defendant Royal Waste Services, Inc. (hereinafter Royal Waste Services), and operated by the defendant Francisco A. Meza, collided with a stolen vehicle in which Joseph K. Kalafatis was a passenger at an intersection which was governed by a traffic light. Meza was facing a steady green light, and shortly after his vehicle entered the intersection, it collided with the stolen vehicle which, according to police officers who witnessed the incident, sped through several red traffic lights, including the one at the subject intersection. As a result, Joseph K. Kalafatis commenced this action against, among others, Royal Waste Services and Meza. Subsequently, Nilda Kalafatis, as guardian of the person and limited guardianship of the property of Joseph K. Kalafatis, was substituted as the plaintiff.

By order dated August 4, 2010, the Supreme Court, inter alia, granted that branch of the cross motion of Royal Waste Services and Meza which was for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff appealed from that order. The plaintiff also moved for leave to reargue her opposition to that branch of the motion of Royal Waste Services and Meza which was for summary judgment dismissing the complaint insofar as asserted against them. In an order dated April 27, 2011, the Supreme Court granted the plaintiff's motion for leave to reargue and, upon reargument, adhered to its original determination. The plaintiff then abandoned the appeal from the prior order, resulting in a dismissal of that appeal for failure to prosecute.

As a general rule, this Court does not consider an issue on a subsequent appeal which was raised or could have been raised in an earlier appeal which was dismissed for lack of prosecution, although this Court has the inherent jurisdiction to do so (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750, 754 [1999]; *Bray v Cox*, 38 NY2d 350, 353 [1976]). While the better practice would have been for the plaintiff to withdraw the prior appeal rather than abandon it, nonetheless, we exercise our discretion to review the issues raised on the appeal from so much of the order dated April 27, 2011, as was made upon reargument (*see Franco v Breceus*, 70 AD3d 767 [2010]; *Neuburger v Sidoruk*, 60 AD3d 650 [2009]; *DiGiaro v Agrawal*, 41 AD3d 764 [2007]; *Cesar v Highland Care Ctr., Inc.*, 37 AD3d 393 [2007]).

As to the merits, the evidence submitted by Royal Waste Services and Meza demonstrated that the negligence of the operator of the stolen vehicle in proceeding through the intersection against a red light, without stopping, while speeding, was the sole proximate cause of the accident (*see Deleg v Vinci*, 82 AD3d 1146 [2011]; *Ramos v Triboro Coach Corp.*, 31 AD3d 625 [2006]; *Casanova v New York City Tr. Auth.*, 279 AD2d 495 [2001]). In opposition, the plaintiff failed to raise a triable issue of fact as to Meza's contributory negligence (*see Yelder v Walters*, 64 AD3d 762 [2009]). Accordingly, the Supreme Court properly, upon reargument, adhered to its prior determination granting that branch of the cross motion of Royal Services Waste and Meza which was for summary judgment dismissing the complaint insofar as asserted against them. Angiolillo, J.P., Lott, Roman and Miller, JJ., concur.