■ FRANKLYN A. FARRIS, as Public Administrator of the County of Suffolk for the Estate of SAUL MALDONADO, Deceased, Appellant, v JUAN REYES et al., Defendants, and BP PRODUCTS NORTH AMERICA, INC., et al., Respondents. [988 NYS2d 701]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Martin, J.), dated March 20, 2013, as granted that branch of the motion of the defendants BP Products North America, Inc., and Gary J. Parnahay which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's decedent was a passenger in a vehicle (hereinafter the host vehicle) which collided with a tractor trailer owned by the defendant BP Products North America, Inc., and operated by the defendant Gary J. Parnahay (hereinafter together the BP defendants), within an intersection that was governed by a traffic light. The BP defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court granted the BP defendants' motion.

In support of their motion, the BP defendants submitted, among other things, Parnahay's deposition testimony and sworn statements of two nonparty witnesses that the operator of the host vehicle, which had been traveling on Spur Drive South, proceeded into the intersection against a red traffic light into the path of the BP defendants' tractor trailer, weighing a total of 105,000 pounds, which was traveling on Route 111 with the traffic light in its favor. Further, Parnahay testified that, upon seeing the host vehicle moving at a rate of speed of 60 miles per hour towards the intersection when he was about 20 feet away from the intersection, he applied pressure to the brakes and steered to the right in an attempt to avoid the collision. As a result, the BP defendants established, prima facie, that the actions of the operator of the host vehicle were the sole proximate cause of the accident and that Parnahay did not contribute to the happening of the accident, demonstrating their entitlement to judgment as a matter of law (see Vehicle and Traffic Law § 1111 [d] [1]; *Kalafatis v Royal Waste Servs., Inc.*, 95 AD3d 954, 955 [2012]; *Deleg v Vinci*, 82 AD3d 1146, 1146 [2011]; *Monteleone v Jung Pyo Hong*, 79 AD3d 988 [2010]; *Pitt v Alpert*, 51 AD3d 650 [2008]).

In opposition, the plaintiff failed to raise a triable issue of fact as to whether Parnahay was negligent and, if so, whether that negligence caused or contributed to the happening of the accident (see *Kalafatis v Royal Waste Servs., Inc.*, 95 AD3d at 955).

Accordingly, the Supreme Court properly granted that branch of the BP defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Dillon, J.P., Lott, Austin and Barros, JJ., concur.