■ RICA CHUACHINGCO, Respondent, v CHARLES D. CHRIST et al., Appellants. [18 NYS3d 425]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Peck, J.), entered February 26, 2015, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.

The plaintiff allegedly was injured when she was involved in a motor vehicle accident with a vehicle driven by the defendant Charles D. Christ and owned by the defendant Glenn Consulting Corp. The accident occurred at the intersection of Union Turnpike and 263rd Street in Queens. Prior to the impact, the plaintiff had been traveling westbound on Union Turnpike and Christ had been traveling southbound on 263rd Street. The plaintiff commenced this action against the defendants to recover damages for her personal injuries. Thereafter, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court granted the motion. We reverse.

The plaintiff demonstrated her prima facie entitlement to judgment as a matter of law by submitting her own affidavit

and that of a nonparty witness, which demonstrated that Christ violated Vehicle and Traffic Law §§ 1110 (a) and 1111 (d) (1) by proceeding into the subject intersection despite the plaintiff having a green traffic signal governing traffic traveling in her direction. The plaintiff and the nonparty witness also stated in their affidavits that the plaintiff's vehicle was already within the subject intersection when the defendants' vehicle entered the intersection, striking the side of the plaintiff's vehicle, which established, prima facie, that the plaintiff's actions did not contribute to the happening of the accident (*see Farris v Reyes*, 119 AD3d 734, 735 [2014]; *Kalafatis v Royal Waste Servs., Inc.*, 95 AD3d 954, 955 [2012]; *Deleg v Vinci*, 82 AD3d 1146, 1146 [2011]).

In opposition, the defendants raised a triable issue of fact as to whether the plaintiff had a red light when she entered the subject intersection such that she violated the applicable sections of the Vehicle and Traffic Law (*see Fauvell v Samson*, 61 AD3d 714, 714-715 [2009]; *see generally Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]; *Ruiz v Griffin*, 71 AD3d 1112, 1115 [2010]; *Lopez v Beltre*, 59 AD3d 683, 685 [2009]; *Scott v Long Is. Power Auth.*, 294 AD2d 348, 348 [2002]). In opposition to the plaintiff's motion, the defendants submitted, inter alia, Christ's affidavit, wherein he stated that his vehicle had been the first one stopped at the light on 263rd Street at the subject intersection and that he did not proceed into the subject intersection until the light turned green. Moreover, he stated that the plaintiff's vehicle struck his vehicle on the driver's side after he had entered the intersection.

Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability.

In light of our determination, we need not reach the parties' remaining contentions. Hall, J.P., Austin, Sgroi and Hinds-Radix, JJ., concur.