◼ JACQUELINE VEGA, Appellant, v JAIME L. MITJA, Defendant, and KENNETH BELL et al., Respondents. [27 NYS3d 672]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Ash, J.), dated December 17, 2013, as granted that branch of the motion of the defendants Kenneth Bell, City of New York, and City of New York Office of the Chief Medical Examiner which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff and three other people were passengers in a vehicle operated by Jason Gonzalez, which had been stolen from its owner, the defendant Jaime L. Mitja (hereinafter the Gonzalez vehicle), when it collided at an intersection with a van owned by the defendant City of New York Office of the Chief Medical Examiner (hereinafter the Medical Examiner) and operated by its employee, the defendant Kenneth Bell. The plaintiff commenced this action to recover damages for injuries she allegedly sustained in the accident. Bell, the defendant City of New York, and the Medical Examiner (hereinafter collectively the City defendants) moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. In the order appealed from, the Supreme Court, among other things, granted that branch of the City defendants' motion. We affirm the order insofar as appealed from.

The City defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that

Gonzalez's negligence in failing to stop at a red traffic light and then proceeding into the intersection, while speeding, was the sole proximate cause of the collision (*see Kalafatis v Royal Waste Servs., Inc.*, 95 AD3d 954, 955 [2012]; *Pitt v Alpert*, 51 AD3d 650, 651 [2008]; *Ramos v Triboro Coach Corp.*, 31 AD3d 625, 625 [2006]).

In opposition, the plaintiff failed to raise a triable issue of fact as to whether Bell was at fault in the happening of the accident (*see Yelder v Walters*, 64 AD3d 762, 764 [2009]). Mere speculation that he may have failed to take some measures to avoid the accident, or that he in some other way contributed to the occurrence of the accident, is insufficient to defeat the City defendants' motion (*see Smit v Phillips*, 74 AD3d 782, 783 [2010]). Moreover, the plaintiff failed to raise a triable issue of fact as to whether Bell had a red light when he entered the subject intersection such that he violated the applicable sections of the Vehicle and Traffic Law (*see Chuachingco v Christ*, 132 AD3d 798, 799 [2015]). Although the plaintiff cannot recall the accident and, thus, is not held to as high a degree of proof, she is not relieved of the obligation to provide some proof from which negligence can be reasonably inferred, which she failed to do (*see Noseworthy v City of New York*, 298 NY 76, 80 [1948]; *DeLuca v Cerda*, 60 AD3d 721, 722 [2009]).

Accordingly, the Supreme Court properly granted that branch of the City defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Balkin, J.P., Sgroi, Cohen and Barros, JJ., concur.