■ KUMOSAN TURNER, Appellant, v MICHAEL G. BUTLER et al., Respondents. [32 NYS3d 174]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Nahman, J.), entered March 19, 2015, which denied those branches of his motion which were for sum-

mary judgment on the issue of liability and dismissing the defendants' fourth and twelfth affirmative defenses.

Ordered that the order is reversed, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing the defendants' fourth and twelfth affirmative defenses are granted.

The plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability and dismissing the defendants' fourth and twelfth affirmative defenses. The evidence submitted by the plaintiff demonstrated that the vehicle operated by the defendant Michael G. Butler and owned by the defendant Jean L. Butler struck the vehicle owned and operated by the plaintiff in an intersection. The evidence further demonstrated that the sole proximate cause of the accident was the defendant driver's failure to stop at a red traffic signal and procession through the intersection, in violation of Vehicle and Traffic Law § 1111 (d) (2) (see *Monteleone v Jung Pyo Hong*, 79 AD3d 988 [2010]; *Ramos v Triboro Coach Corp.*, 31 AD3d 625 [2006]; *Borges v Zukowski*, 22 AD3d 439 [2005]; *Casanova v New York City Tr. Auth.*, 279 AD2d 495 [2001]). In opposition, the defendants failed to raise a triable issue of fact (see *Deleg v Vinci*, 82 AD3d 1146 [2011]; *Cavitch v Mateo*, 58 AD3d 592 [2009]).

Furthermore, contrary to the defendants' contention, the plaintiff's motion was not premature since the defendants failed to demonstrate that discovery might lead to relevant evidence or that facts essential to justify opposition to the motion were exclusively within the knowledge and control of the plaintiff (see *Kimyagarov v Nixon Taxi Corp.*, 45 AD3d 736 [2007]). The defendants' professed need to conduct discovery did not warrant denial of the motion since they already had personal knowledge of the relevant facts (see *Abramov v Miral Corp.*, 24 AD3d 397, 398 [2005]). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (*Lopez v WS Distrib., Inc.*, 34 AD3d 759, 760 [2006]; see *Monteleone v Jung Pyo Hong*, 79 AD3d 988 [2010]; *Corwin v Heart Share Human Servs. of N.Y.*, 66 AD3d 814 [2009]).

Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing the defendants' fourth and twelfth affirmative defenses. Mastro, J.P., Dickerson, Hall and Sgroi, JJ., concur.