■ Jung Geun Lee, Appellant, v John W. Mason, Respondent, et al., Defendant. [33 NYS3d 76]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), dated February 27, 2015, which granted the motion of the defendant John W. Mason for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs,

and the motion of the defendant John W. Mason for summary judgment dismissing the complaint insofar as asserted against him is denied.

The plaintiff commenced this action to recover damages for personal injuries against the defendants John W. Mason and Joon Kyoung Park. The plaintiff allegedly sustained injuries as a result of a collision that took place in the intersection of Willets Point Boulevard and 146th Street, Queens, between a vehicle driven by Joon Kyoung Park, in which vehicle the plaintiff was passenger, and a vehicle driven by Mason. Mason moved for summary judgment dismissing the complaint insofar as asserted against him. By order dated February 27, 2015, the Supreme Court granted Mason's motion. The plaintiff appeals.

Mason demonstrated his prima facie entitlement to judgment as a matter of law by submitting the deposition transcript of Mason and the deposition transcript of a nonparty witness stating that Joon Kyoung Park entered the intersection where the collision occurred against a red light, and that this was the sole proximate cause of the collision (see Joaquin v Franco, 116 AD3d 1009, 1009-1010 [2014]; Deleg v Vinci, 82 AD3d 1146, 1146 [2011]; Monteleone v Jung Pyo Hong, 79 AD3d 988, 989 [2010]). In opposition, however, the plaintiff raised a triable issue of fact through the submission of, inter alia, the deposition transcript of Joon Kyoung Park, as to whether Joon Kyoung Park entered the intersection against a red light (see Chuachingco v Christ, 132 AD3d 798, 799 [2015]; Fauvell v Samson, 61 AD3d 714, 714-715 [2009]). Contrary to Mason's contention, the Supreme Court should have considered the unsigned deposition transcript of Joon Kyoung Park, since it was certified by the court reporter and Mason did not challenge its accuracy (see Gezelter v Pecora, 129 AD3d 1021, 1022 [2015]; Pavane v Marte, 109 AD3d 970, 971 [2013]; Rodriguez v Ryder Truck, Inc., 91 AD3d 935, 936 [2012]; Zalot v Zieba, 81 AD3d 935, 936 [2011]). Accordingly, the Supreme Court should have denied Mason's motion for summary judgment dismissing the complaint insofar as asserted against him. Leventhal, J.P., Hall, Hinds-Radix and LaSalle, JJ., concur.