NEELY R. SCHWAB, Appellant, v JEFFREY SILVA, Defendant, and BAHAMA TAXI, INC., et al., Respondents. [30 NYS3d 902]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Edwards, J.), dated April 24, 2015, as granted that branch of the cross motion of the defendants Bahama Taxi, Inc., and NFN Asaduzzaman which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the cross motion of the defendants Bahama Taxi, Inc., and NFN Asaduzzaman which was for summary judgment dismissing the complaint insofar as asserted against them is denied.

The plaintiff allegedly was injured when a taxi in which she was a passenger collided with a vehicle owned and operated by the defendant Jeffrey Silva at the intersection of 3rd Avenue and East 55th Street in Manhattan. The taxi was owned by the defendant Bahama Taxi, Inc., and operated by the defendant NFN Asaduzzaman (hereinafter together the respondents). The taxi was traveling in a northerly direction on 3rd Avenue and the Silva vehicle was traveling in a westerly direction on 55th Street when the accident occurred. The intersection was governed by a traffic light.

In support of that branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted against them, the respondents submitted, inter alia, a police accident report containing an admission by Silva, which established, prima facie, that Silva entered the intersection against a red light and that NFN Asaduzzaman was free from fault in the happening of the accident (*see Joaquin v Franco*, 116 AD3d 1009, 1010 [2014]; *Deleg v Vinci*, 82 AD3d 1146 [2011]; *Monteleone v Jung Pyo Hong*, 79 AD3d 988, 989 [2010]; *Pitt v Alpert*, 51 AD3d 650, 651 [2008]). In opposition, the plaintiff submitted, inter alia, a transcript of the deposition testimony of NFN Asaduzzaman, which raised a triable issue of fact as to whether NFN Asaduzzaman could have avoided the accident and, thus, whether he was free from fault in the happening of the accident (*see generally Lopez v Reyes-Flores*, 52 AD3d 785 [2008]; *Virzi v Fraser*, 51 AD3d 784 [2008]). Accordingly, the Supreme Court should have denied that branch of the respondents' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them. Balkin, J.P., Hall, Miller and LaSalle, JJ., concur.