SEIDOU MOLUH et al., Respondents, v MICHAEL VORD, Appellant. [39 NYS3d 187]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Silber, J.), dated November 5, 2015, which granted the plaintiffs' motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of liability is denied.

The plaintiffs alleged that on February 16, 2014, their vehicle was struck in the rear by the defendant's vehicle at the end of a Sprain Brook Parkway exit ramp, where it merged with the right travel lane of southbound Central Avenue, in Yonkers. Subsequently, the plaintiffs commenced this action against the defendant to recover damages for personal injuries. After issue was joined, the plaintiffs moved for summary judgment on the issue of liability. The Supreme Court granted the motion. We reverse.

"To prevail on a motion for summary judgment on the issue of liability, a plaintiff must establish, prima facie, not only that the opposing party was negligent, but also that the plaintiff was free from comparative fault" (*Phillip v D&D Carting Co., Inc.*, 136 AD3d 18, 22 [2015]; *see Bowen v Farrell*, 140 AD3d 1001, 1002 [2016]; *McLaughlin v Lunn*, 137 AD3d 757 [2016]; *Matos v Tai*, 124 AD3d 848 [2015]; *France Herly Bien-Aime v Clare*, 124 AD3d 814, 814 [2015]; *Adams v Bruno*, 124 AD3d 566 [2015]). A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence (*see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Cortese v Pobejimov*, 136 AD3d 635, 636 [2016]; *Brothers v Bartling*,

130 AD3d 554, 555 [2015]; *Whelan v Sutherland*, 128 AD3d 1055, 1056 [2015]; *Drakh v Levin*, 123 AD3d 1084, 1085 [2014]). Here, the plaintiffs' submissions in support of their motion, which included the defendant's deposition transcript, failed to eliminate a triable issue of fact as to whether the defendant had a nonnegligent explanation for the collision. According to the defendant, the plaintiffs' vehicle came to a stop, started again, and came to a second stop for no apparent reason. The defendant claimed that when he braked to avoid a collision, his vehicle skidded on a roadway which was wet from melting snow (*see Phillip v D&D Carting Co., Inc.*, 136 AD3d 18, 24 [2015]).

Since the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law, their motion for summary judgment should have been denied, regardless of the sufficiency of the defendant's papers in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Rivera, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.