■ CATHLEEN BENTICK, Respondent, v FERNANDO GATCHALIAN, Appellant. [48 NYS3d 171]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Modica, J.), dated December 10, 2015, which granted

the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

On December 30, 2014, a vehicle operated by the plaintiff collided with a vehicle operated by the defendant. The collision occurred while the plaintiff was in the process of making a left turn from westbound Hillside Avenue onto southbound Francis Lewis Boulevard in Queens, and the defendant was traveling eastbound on Hillside Avenue. The plaintiff subsequently commenced the instant personal injury action against the defendant. Before discovery was complete, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court granted the motion, and the defendant appeals.

To prevail on a motion for summary judgment on the issue of liability, a plaintiff must establish, prima facie, not only that the opposing party was negligent, but also that the plaintiff was free from comparative fault (*see Thoma v Ronai*, 82 NY2d 736, 737 [1993]; *Moluh v Vord*, 143 AD3d 680 [2016]; *Phillip v D&D Carting Co., Inc.*, 136 AD3d 18, 24 [2015]; *Espinoza v Coco-Cola Bottling Co. of N.Y., Inc.*, 121 AD3d 640, 640 [2014]; *Gorenkoff v Nagar*, 120 AD3d 470, 471 [2014]; *Lu Yuan Yang v Howsal Cab Corp.*, 106 AD3d 1055, 1056 [2013]). Here, the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability. The evidence submitted by the plaintiff, which consisted mainly of her own affidavit, demonstrated that the defendant's vehicle struck her vehicle after she had already entered the intersection with the green light in her favor, and after checking the intersection for oncoming traffic going eastbound on Hillside Avenue, and northbound and southbound on Francis Lewis Boulevard. According to the plaintiff, after she had already entered the intersection and was in the process of making a left turn, the defendant's vehicle went through the red light at the intersection, heading eastbound on Hillside Avenue, and directly into her vehicle. She further averred in her affidavit that the defendant's vehicle was traveling at such a rate of speed that she was unable to avoid the accident. Her affidavit demonstrated, prima facie, that she was not at fault in the happening of the accident, and that the sole proximate cause of the accident was the defendant's conduct in entering the intersection without stopping at the red traffic signal, in violation of Vehicle and Traffic Law §§ 1110 (a) and 1111 (d) (1) (*see Chuachingco v Christ*, 132 AD3d 798, 798-799 [2015]; *see also Turner v Butler*, 139 AD3d 715, 716 [2016]; *Farris v Reyes*, 119 AD3d 734, 734 [2014]; *Joaquin v Franco*, 116 AD3d 1009, 1009-1010 [2014]).

In opposition, the defendant failed to raise a triable issue of fact. Counsel's affirmation, standing alone, was insufficient to raise a triable issue of fact (*see* CPLR 3212 [b]; *Roche v Hearst Corp.*, 53 NY2d 767, 769 [1981]; *Gallo v Jairath*, 122 AD3d 795, 797 [2014]). Furthermore, contrary to the defendant's contention, the plaintiff's motion was not premature, since the defendant failed to demonstrate that discovery might lead to relevant evidence or that facts essential to justify opposition to the motion were exclusively within the knowledge and control of the plaintiff (*see Turner v Butler*, 139 AD3d at 716). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (*Lopez v WS Distrib., Inc.*, 34 AD3d 759, 760 [2006]).

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability. Balkin, J.P., Leventhal, Roman and LaSalle, JJ., concur.