■ Kristen M. Lanicci, Appellant, v Dean J. Hansen, Jr., et al., Respondents. [59 NYS3d 753]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Kelly, J.), dated October 24, 2016, which denied that branch of her motion which was for summary judgment on the issue of liability and, in effect, denied that branch of her motion which was for summary judgment dismissing the affirmative defenses that allege comparative negligence.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability and dismissing the affirmative defenses that allege comparative negligence is granted.

On August 22, 2014, a vehicle operated by the plaintiff and a vehicle owned by the defendant Dean J. Hansen, Sr., and operated by the defendant Dean J. Hansen, Jr., collided in the intersection of Route 9W and Westside Avenue in Haverstraw, Rockland County. The plaintiff commenced this action against the defendants to recover damages for personal injuries she alleges that she sustained in the accident. The plaintiff subsequently moved for summary judgment on the issue of liability and dismissing the affirmative defenses that allege comparative negligence. The Supreme Court denied that branch of the motion which was for summary judgment on the issue of liability and, in effect, denied that branch of the motion which was for summary judgment dismissing the affirmative defenses that allege comparative negligence. We reverse.

To prevail on a motion for summary judgment on the issue of liability, a plaintiff must establish, prima facie, not only that the opposing party was negligent, but also that the plaintiff was free from comparative fault (*see Thoma v Ronai*, 82 NY2d 736, 737 [1993]; *Bentick v Gatchalian*, 147 AD3d 890, 891 [2017]; *Moluh v Vord*, 143 AD3d 680 [2016]; *Phillip v D&D*

*Carting Co., Inc.*, 136 AD3d 18, 24 [2015]). Here, the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability. The evidence submitted on her motion, which included her deposition testimony and a certified copy of the police accident report, demonstrated, prima facie, that she was not at fault in the happening of the accident, and that the sole proximate cause of the accident was the conduct of the defendant driver in entering the intersection without stopping at a red traffic signal, in violation of Vehicle and Traffic Law §§ 1110 (a) and 1111 (d) (1) (*see Bentick v Gatchalian*, 147 AD3d 890 [2017]; *Chuachingco v Christ*, 132 AD3d 798, 798-799 [2015]; *see also Turner v Butler*, 139 AD3d 715, 716 [2016]; *Farris v Reyes*, 119 AD3d 734, 734 [2014]; *Joaquin v Franco*, 116 AD3d 1009, 1009-1010 [2014]). In opposition, the defendants failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the plaintiff's motion. Balkin, J.P., Sgroi, Cohen and Duffy, JJ., concur.