Figueroa v MTLR Corp. (2018 NY Slip Op 00408)





Figueroa v MTLR Corp.


2018 NY Slip Op 00408


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-11964
 (Index No. 3132/15)

[*1]David Figueroa, appellant, 
v
MTLR Corp., et al., respondents.


Weser & Weser, P.C., Brooklyn, NY (Nicholas E. Tzaneteas of counsel), for appellant.
Thomas M. Bona, P.C., White Plains, NY (James C. Miller of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated October 13, 2016, as denied that branch of his motion which was for summary judgment on the issue of liability against the defendants Ivor G. Alert and Foodsaver New York, Inc., with leave to renew upon the completion of discovery.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendants Ivor G. Alert and Foodsaver New York, Inc., is granted.
On December 16, 2014, at approximately 3:00 p.m., the plaintiff, an employee of nonparty New York City Transit Authority, was operating a bus in the course of his employment when the bus allegedly was struck in the rear by a vehicle owned by the defendant MTLR Corp., which was leased by the defendant Foodsaver New York, Inc. (hereinafter Foodsaver), and operated by the defendant Ivor G. Alert, on Fulton Street near its intersection with St. James Place in Brooklyn. Thereafter, the plaintiff commenced this action, inter alia, to recover damages for personal injuries. Before the completion of discovery, the plaintiff moved, among other things, for summary judgment on the issue of liability against Alert and Foodsaver. In the order appealed from, the Supreme Court, inter alia, denied that branch of the plaintiff's motion, with leave to renew upon the completion of discovery.
A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence (see Tutrani v County of Suffolk, 10 NY3d 906, 908; Nikolic v City-Wide Sewer & Drain Serv. Corp., 150 AD3d 754). "To prevail on a motion for summary judgment on the issue of liability, a plaintiff must establish, prima facie, not only that the opposing party was negligent, but also that the plaintiff was free from comparative fault" (Phillip v D & D Carting Co., Inc., 136 AD3d 18, 22; see Ortiz v Welna, 152 AD3d 709; Ricciardi v Nelson, 142 AD3d 492; Bowen v Farrell, 140 AD3d 1001; Roberts v Zirkind, 140 AD3d 940). Here, the plaintiff established his prima facie [*2]entitlement to judgment as a matter of law on the issue of liability against Alert and Foodsaver through the submission of his own affidavit, in which he averred that the bus he was operating was stopped when it was struck in the rear by the vehicle operated by Alert. This affidavit demonstrated, prima facie, that Alert was negligent and that the plaintiff was not comparatively at fault in the happening of the subject accident (see Nikolic v City-Wide Sewer & Drain Serv. Corp., 150 AD3d at 754; Comas-Bourne v City of New York, 146 AD3d 855, 856).
In opposition, Alert and Foodsaver did not raise a triable issue of fact as to whether the plaintiff was comparatively at fault in the happening of the accident, nor did they set forth a nonnegligent explanation for it (see Nowak v Benites, 152 AD3d 613; Comas-Bourne v City of New York, 146 AD3d at 856; see also Waide v ARI Fleet, LT, 143 AD3d 975, 975; Cajas-Romero v Ward, 106 AD3d 850, 852). Furthermore, the plaintiff's motion was not premature. Alert and Foodsaver failed to demonstrate that discovery might lead to relevant evidence or that facts essential to justify opposition to the motion were exclusively within the knowledge and control of the plaintiff (see Bentick v Gatchalian, 147 AD3d 890, 891; Turner v Butler, 139 AD3d 715, 716). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (Lopez v WS Distrib., Inc., 34 AD3d 759, 760; see Bentick v Gatchalian, 147 AD3d at 892).
Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against Alert and Foodsaver.
CHAMBERS, J.P., COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court