Napolitano v Sanderson (2018 NY Slip Op 08943)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Napolitano v Sanderson

2018 NY Slip Op 08943

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-11738
(Index No. 67653/14)

[*1]Heidi Napolitano, respondent, 
vDouglas K. Sanderson, appellant.

Picciano & Scahill, P.C., Westbury, NY (Francis J. Scahill and Andrea E. Ferrucci of counsel), for appellant.
Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Naomi M. Taub], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated October 28, 2016. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff, a bicyclist, was injured when she collided with a vehicle operated by the defendant at the intersection of Route 25A and Wink Place in the Town of Smithtown. The collision occurred while the defendant was in the process of making a left turn from Wink Place onto westbound Route 25A, and the plaintiff was traveling eastbound on Route 25A.
The plaintiff commenced this action against the defendant to recover damages for personal injuries. Following the completion of discovery, the defendant moved for summary judgment dismissing the complaint, contending that the plaintiff's actions of entering the intersection against a red traffic light and failing to yield the right-of-way, in violation of Vehicle and Traffic Law §§ 1231 and 1111(d), were the sole proximate cause of the accident. In opposition to the motion, the plaintiff argued, inter alia, that differing accounts as to which party had a green traffic light in their favor precluded the granting of summary judgment. The Supreme Court denied the motion, and the defendant appeals.
The defendant established his prima facie entitlement to judgment as a matter of law by submitting evidence, in the form of transcripts of his deposition testimony and that of four nonparty witnesses, that the plaintiff had entered the intersection against a red traffic light, in violation of Vehicle and Traffic Law § 1111(d) (see Joaquin v Franco, 116 AD3d 1009; Antaki v Mateo, 100 AD3d 579; Ramos v Triboro Coach Corp., 31 AD3d 625; Shapiro v Munoz, 28 AD3d 638). In opposition, however, the plaintiff raised a triable issue of fact through the submission of a signed statement and a transcript of the deposition testimony of a fifth nonparty witness as to whether the defendant had entered the intersection against a red traffic light (see Jung Geun Lee v Mason, 139 AD3d 807; Vega v Mitja, 137 AD3d 1113; Chuachingco v Christ, 132 AD3d 798; Fauvell v Samson, 61 AD3d 714).
Accordingly, we agree with the Supreme Court's denial of the defendant's motion for summary judgment dismissing the complaint.
CHAMBERS, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court