Fobbs v Shore (2019 NY Slip Op 02683)





Fobbs v Shore


2019 NY Slip Op 02683


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-13110
 (Index No. 4436/14)

[*1]Tyreak Fobbs, respondent, 
v
Dolores M. Shore, appellant, et al., defendant.


Andrea G. Sawyers, Melville, NY (Jennifer M. Belk of counsel), for appellant.
Schwartz Goldstone & Campisi, LLP (Joshua Annenberg, New York, NY, of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Dolores M. Shore appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated October 6, 2016. The order, insofar as appealed from, in effect, denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action seeking to recover damages for personal injuries he alleges he sustained in September 2013 when he was jogging at or near an intersection in Brooklyn and was struck by a vehicle which left the scene of the accident. According to the plaintiff, the vehicle that struck him was a Mercedes-Benz owned by the defendant Dolores M. Shore. The plaintiff alleged that Shore owned a vehicle which matched the description of the vehicle that struck him and which bore a license plate number that matched the license plate number on the vehicle. Shore moved for summary judgment dismissing the complaint insofar as asserted against her, contending that neither she nor her vehicle was involved in the subject incident. The Supreme Court, in effect, denied that motion. Shore appeals.
"While the ultimate burden of proof at trial will fall upon the plaintiff, a defendant seeking summary judgment bears the initial burden of demonstrating its entitlement to judgment as a matter of law by submitting evidentiary proof in admissible form" (Collado v Jiacono, 126 AD3d 927, 928; see Zuckerman v City of New York, 49 NY2d 557, 562). Here, by submitting her affidavit and a transcript of her deposition testimony, Shore established, prima facie, that, on the day at issue, her Mercedes-Benz vehicle bearing the license plate number at issue was parked for that entire day in front of her house, approximately four blocks away from the location of the accident scene alleged by the plaintiff, and that neither she nor her vehicle was involved in the subject incident (see Mora v Kane is Able, Inc., 105 AD3d 1022, 1022). In opposition, the plaintiff submitted a transcript of his deposition testimony, wherein he testified that he clearly observed both the Mercedes-Benz vehicle that struck him and the operator of the vehicle. He also asserted that he observed the license plate number of the vehicle before it fled the scene, and that, after he was struck, he recorded the license plate number on his cell phone. This testimony was sufficient to raise a triable issue of fact [*2]as to whether Shore and her vehicle were involved in the accident (see Jung Geun Lee v Mason, 139 AD3d 807, 808; Gezelter v Pecora, 129 AD3d 1021, 1022).
Accordingly, we agree with the Supreme Court's determination denying Shore's motion for summary judgment dismissing the complaint insofar as asserted against her.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court