Robinson v City of New York (2019 NY Slip Op 08881)





Robinson v City of New York


2019 NY Slip Op 08881


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2018-05926
 (Index No. 502410/15)

[*1]Andrine Marie Robinson, appellant, et al., plaintiff,
v
City of New York, et al., respondents.


Wingate, Russotti, Shapiro & Halperin, LLP, New York, NY (David M. Schwartz and Victor Goldblum of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff Andrine Marie Robinson appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated April 6, 2018. The order, insofar as appealed from, denied that branch of that plaintiff's motion which was for summary judgment on the issue of liability.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the plaintiff Andrine Marie Robinson which was for summary judgment on the issue of liability is granted.
The plaintiffs, Andrine Marie Robinson and Conrad Cupid, allegedly were injured when their vehicle was involved in a collision with a sanitation vehicle that was owned by the defendant City of New York and operated by the defendant Shane A. Paul. Robinson and Cupid commenced this action to recover damages for personal injuries, alleging that the defendants were negligent in, among other things, the ownership and operation of the sanitation vehicle. Robinson subsequently moved, inter alia, for summary judgment on the issue of liability. In support of her motion, she submitted, inter alia, a copy of the transcript of her deposition, at which she testified that she was driving the plaintiffs' vehicle at the time of the accident. In opposition, the defendants argued, among other things, that the plaintiffs' vehicle actually was being driven by Cupid at the time of the accident, and that Cupid's alleged negligence may have contributed to the happening of the accident. In an order dated April 6, 2018, the Supreme Court, inter alia, denied that branch of Robinson's motion which was for summary judgment on the issue of liability. Robinson appeals.
The evidence submitted in support of Robinson's motion demonstrated, prima facie, that Paul entered the subject intersection against a red light, in violation of Vehicle and Traffic Law § 1111(d) (see Napolitano v Sanderson, 167 AD3d 1024, 1025; Lanicci v Hansen, 153 AD3d 687, 687; Turner v Butler, 139 AD3d 715, 716). That evidence further showed that Paul failed to see the plaintiffs' vehicle before colliding with it in the middle of the intersection, thus demonstrating that Paul failed to see that which he should have seen through the proper use of his senses. Contrary to the defendants' contention in the Supreme Court, Robinson was not required to demonstrate her freedom from comparative fault in order to establish her prima facie entitlement to summary judgment on the issue of liability (see Rodriguez v City of New York, 31 NY3d 312).
Thus, Robinson made a prima facie showing of entitlement to judgment as a matter [*2]of law on the issue of the defendants' liability by demonstrating that Paul was negligent and that his negligence was a proximate cause of the subject accident and her resulting injuries (see Rodriguez v City of New York, 31 NY3d at 312; Edgerton v City of New York, 160 AD3d 809, 811). In opposition, the defendants failed to raise a triable issue of fact. On the facts presented here, whether Robinson or Cupid was driving their vehicle is not germane to the issue of the defendants' liability.
Accordingly, the Supreme Court should have granted that branch of Robinson's motion which was for summary judgment on the issue of liability.
CHAMBERS, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court